IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                     No. 12-CR-2005-RB

WARREN B. MARKER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Mr. Marker's Motion for Credit for Prior Custody, filed on July 17, 2017, as supplemented by the Supplemental Motion, filed on September 7, 2017. (Docs. 90, 95.) Mr. Marker is incarcerated and appears pro se. He asks the Court to credit the time he spent in presentence confinement between August 17, 2012, and October 14, 2014, to his federal sentence. (*See* Doc. 95.) For the reasons discussed below, the Court denies Mr. Marker's Motion.

**I.**     **Background**

On August 15, 2012, Defendant was indicted on charges of conspiracy and possession with intent to distribute 5 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and 18 U.S.C. § 2. (*See* Doc. 2.) On that date, Defendant was in the custody of the state of New Mexico on unrelated charges. (*See* Doc. 5.) On August 16, 2012, the Court granted the Government's Motion for Writ of Habeas Corpus Ad Prosequendum and directed the Administrator of the Lincoln County Detention Center, the facility where Defendant was being held, to surrender Defendant to the United States Marshal Service for prosecution in

the federal case. (*See* Doc. 6.) The Court further ordered that "the United States Marshal Service is authorized to return Defendant to the custody [from] whence he came during the pendency of this action when his presence is not needed." (*Id.* at 1.) The docket lists Defendant's arrest date as August 17, 2012. (*See* Aug. 17, 2012 CM/ECF text entry.)

Defendant pleaded guilty and entered into a plea agreement with the United States on January 13, 2013. (Doc. 44.) On October 14, 2014, the Court sentenced Defendant to 70 months' imprisonment, the term to run concurrently with the Defendant's state sentence, followed by four years' supervised release. (Doc. 85.) At the sentencing hearing, Defendant's counsel mentioned that "Mr. Marker has been in custody since August 17th of 2012," and while the Presentence Report was an older version and "gave him custody up to January 17th," 2014, Defendant had "been in continuous custody since that time." (Doc. 98 at 12:4–8.) The Court responded that Defendant was "entitled to full credit for all of [the] pre-sentence confinement time against . . . the sentence . . . just imposed." (*Id.* at 12:9–11.)

Defendant now asks the Court "to correct a clerical error in its judgment filed October 14, 2014," to clarify that the beginning of his sentence actually began on August 17, 2012, the date Defendant was arrested. (*See* Doc. 95 at 1.)

**II.     Analysis**

The Court will deny Defendant's Motion for at least three reasons. First, this Court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947–48, 949 (10th Cir. 1996) (applying 18 U.S.C. § 3582(c))). Defendant offers no statutory authority for the Court to modify his sentence.[1] (*See*

---

[1] Defendant initially moved for credit pursuant to 18 U.S.C. § 3585(b). (*See* Doc. 90 at 1.) Section 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in

2

Doc. 95.)

Second, Defendant moves the Court to correct his sentence pursuant to Rule 36 of the Federal Rules of Criminal Procedure. (*See* Doc. 95 at 1.) Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Defendant's sentence, however, does not suffer from any clerical error.

Defendant believes his sentence commenced on the date of his arrest: August 17, 2012. Pursuant to statute, however, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006). According to the Writ of Habeas Corpus Ad Prosequendum, when Defendant was not defending his federal case, he was transferred back to the custody of the Lincoln County Detention Center—a state facility. And even though Defendant was produced to the United States Marshal Service for certain hearings in his federal case, New Mexico "state officials did not relinquish jurisdiction over" him at those times, "he continued to be a 'state prisoner.'" *Hernandez v. U.S. Att'y Gen.*, 689 F.2d 915, 918 (10th Cir. 1982) (citations omitted). Thus, Defendant was not "received into federal custody" until after his sentencing hearing. (*See* Doc. 85 at 2 (committing Defendant "to the custody of the United States Bureau of Prisons").) *See also Binford*, 436 F.3d at 1256 (finding that the defendant's "federal sentence never began until

---

official detention prior to the date the sentence commences[,]" but only if it "has not been credited against another sentence." 18 U.S.C. § 3585(b). Defendant removed this statutory reference in his Supplemental Motion.

he was finally received into federal custody for the purpose of serving his federal sentence, after completing his state sentence" at a state facility) (citations omitted).

Third, "even if the Court were to grant credit for prior custody against the term of imprisonment, Defendant's post-conviction custodian—the Attorney General or Bureau of Prisons ('BOP')—would not be bound by the calculation." *United States v. Anguiano*, 12-CR-0529 JP, Mem. Opinion & Order at *2 (D.N.M. Aug. 3, 2015). "The Attorney General, through the BOP, has the responsibility of administering a federal sentence, including computation of credit for pretrial incarceration." *Id.* (citing *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992))). Defendant may seek judicial review of the BOP's computation of his presentence credit only after exhausting his administrative remedies. *Wilson*, 503 U.S. at 335–36 (citations omitted). There is no evidence Defendant has exhausted his administrative remedies, so this Court is without jurisdiction to grant relief.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Credit for Prior Custody, filed on July 17, 2017, as supplemented by the Supplemental Motion, filed on September 7, 2017 (Docs. 90, 95) is **DENIED**.

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

---

[2] The Government also asserts that Defendant has "received prior custody credit against his state sentence and is not entitled to any additional credit against his federal sentence." (Doc. 101 at 5.) The Government failed to submit any documents to demonstrate that Defendant has received such credit. Despite this failure, the Court will deny Defendant's Motion on other grounds.

4