**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                            No. 12-CR-2005-RB

WARREN B. MARKER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Mr. Marker's Motion to Reconsider Opinion and Order,[1] filed on January 18, 2017 (Doc. 107), and Motion for Dismissal of Case, filed on January 2, 2018 (Doc. 105). Mr. Marker is incarcerated and appears pro se. For the reasons discussed below, the Court denies both motions.

**I.    Motion to Reconsider**

The Court set out the background of this case in its January 2, 2018 Memorandum Opinion and Order (Doc. 103 at 1–2) and incorporates it here by reference.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted). "A motion to reconsider should not be used to revisit issues

---

[1] Mr. Marker also filed a Redacted Motion to Reconsider on January 18, 2018. (Doc. 108.)

already addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

Mr. Marker does not point out "an intervening change in the controlling law," offers no new evidence that was previously unavailable, and makes no argument that there was clear error or manifest injustice. *See id.* The fact remains that this Court has no authority to modify his sentence and is without jurisdiction to grant relief as explained in its January 2, 2018 Memorandum Opinion and Order (Doc. 103 at 2–4.) Accordingly, the Court will deny Mr. Marker's Motion to Reconsider.

II. **Motion to Dismiss**

Mr. Marker argues that his case is subject to dismissal because there was no activity in his case between January 15, 2013, the date he signed his Plea Agreement (Doc. 44), and August 4, 2013, the day he filed a Sentencing Memorandum (Doc. 53). (*See* Doc. 105.) Mr. Marker contends that as more than 180 days passed after he signed his Plea Agreement, the case should be dismissed for failure to prosecute. (*Id.*) Mr. Marker misapprehends the relevant law. A defendant waives any right to move for dismissal based on a speedy trial violation upon the "entry of a plea of guilty . . . ." 18 U.S.C. § 3162(2). As Mr. Marker did not specifically reserve his right to raise a speedy trial issue, he waived it by signing the plea agreement. *See United States v. Gines*, 964 F.2d 972, 977 (10th Cir. 1992) (citation omitted). Consequently, the Court will deny his Motion to Dismiss based on an alleged speedy trial violation.

**IT IS THEREFORE ORDERED** that Mr. Marker's Motion to Reconsider Opinion and Order (Doc. 107) and Redacted Motion to Reconsider Opinion and Order (Doc. 108) are **DENIED**;

**IT IS FURTHER ORDERED** that Mr. Marker's Motion for Dismissal of Case (Doc. 105) is **DENIED**.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE