IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                                                        No. 12-CR-2005-RB

WARREN B. MARKER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Mr. Marker's Motion for Dismissal or Time Served, filed on March 12, 2018 (Doc. 113), Motion for a Hearing to Respond to United States' Motion Doc. #115, filed on April 16, 2018 (Doc. 116), and Petition for Ruleing [sic], filed on June 25, 2018 (Doc. 117). Mr. Marker is incarcerated and appears pro se. For the reasons discussed below, the Court denies all of Defendant's motions.

**I.    Motion for Dismissal or Time Served**

This is the fourth substantive motion Mr. Marker has filed in the past year seeking to shorten his sentence. (*See* Docs. 90; 105; 107.) In this motion, Mr. Marker asks the Court to reduce his sentence pursuant to Federal Rule of Criminal Procedure 32(b)(1) due to the delay between the date he entered his guilty plea and the date he was sentenced. (*See* Doc. 113.) Defendant alleges that he has suffered prejudice from the delay, in that if he "had been sentenced in a timely manner[,]" he would have been eligible for parole at the end of 2017. (*Id.* at 3.)

The Court set out the background of this case in its January 2, 2018 Memorandum Opinion and Order and incorporates it here by reference. (Doc. 103 at 1–2.) In short, Defendant "entered into a plea agreement with the United States on January 13, 2013." (*Id.* at 2 (citing Doc. 44).) The Court sentenced Defendant to 70 months' imprisonment on October 14, 2014, "the

term to run concurrently with the Defendant's state sentence . . . ." (*Id.* (citing Doc. 85).)

Federal Rule of Criminal Procedure 32(b)(1) requires the Court to "impose [a] sentence without unnecessary delay." Courts look at four factors to determine whether a defendant's rights have been violated by an excessive delay before sentencing: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Perez v. Sullivan*, 793 F.2d 249, 253 (10th Cir. 1986) (quoting *Barker v. Wingo*, 407 U.S. at 514, 530 (1972) (internal citations and emphasis omitted)).

Length of Delay

The Court sentenced Mr. Marker 21 months after he pled guilty. The government claims that "[c]ourts have held that this length of delay is not presumptively prejudicial." (Doc. 115 at 2 (citing *Pollard v. United States*, 352 U.S. 354, 354 (1957) (24 months); *United States v. Tortorello*, 391 F.2d 587, 587 (2d Cir. 1968) (29 months)).) There is, however, authority from the Tenth Circuit that holds a 17-month delay *is* presumptively prejudicial. *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006). As this factor weighs in Mr. Marker's favor, the Court moves on to the remaining *Barker* factors. *See id.*

Reason for Delay

"The reason for a delay weighs against the government in proportion to the degree to which the government caused the delay." *Id.* "A deliberate attempt to delay a trial in order to secure a strategic advantage will weigh heavily against the government, while valid reasons will justify a delay." *Id.* (citing *Barker*, 407 U.S. at 531). "Negligence and crowded court dockets . . . weigh against the government, but less heavily than delays deliberately sought to gain improper advantage." *Id.* (citing *Barker*, 407 U.S. at 531). "[C]ontinuances and other motions filed by the defendant[,] do not weigh against the government." *Id.* (citing *United States v. Tranakos*, 911

F.2d 1422, 1428 (10th Cir. 1990)). Here, the government asserts that the majority of the delays in this case arose because of defense motions. (Doc. 115 at 3–4.)

After entering his guilty plea, Defendant contributed to the delay in sentencing by filing the following:

(1) a Sentencing Memorandum filed on August 9, 2013, requesting a sentence below the guideline range due to his mental and emotional health (Doc. 53), which the Government responded to on August 20, 2013 (Doc. 54) and Defendant withdraw in August 2014 (Doc. 78), resulting in a delay of approximately 11 days;

(2) a Motion for Psychological Examination to Determine Defendant's Mental Condition Prior to Sentencing, filed on November 26, 2013 (Doc. 61), which the Court granted on December 2, 2013, resulting in a delay of approximately six days;

(3) an Objection to Pre-sentence Report and Sentencing Memorandum, filed on June 25, 2014 (Doc. 76), which the Government responded to on June 26, 2014 (Doc. 77) and Defendant withdrew in August 2014 (Doc. 78); and

(4) a second, substitute Objection to Pre-Sentence Report and Sentencing Memorandum (August 2014), filed on September 3, 2014 (Doc. 79), which the Government responded to on October 6, 2014, and the Court took into consideration at sentencing in October 2014. Because Defendant filed his original objection on June 25, 2014, and filed his second objection on September 3, 2014, the Court will assess a delay of 70 days to Defendant.

In all, Defendant's filings account for no more than approximately 87 of the 637 days between Defendant's plea agreement and sentencing. The government also filed a motion that accounted for part of the delay: an opposed Motion to Allow Disclosure of Forensic Evaluation Report (Doc. 55), filed on September 4, 2013, which the Court ultimately withdrew at the

government's request on October 16, 2013, resulting in a delay of approximately 42 days. (*See* Docs. 58; 60.) The Court's own crowded docket and the ordinary delays in a criminal case accounted for the remainder and vast majority of the delay in this case. For example, there was a delay of almost seven months between the plea agreement and Defendant's first motion (*see* Docs. 44; 53); the Court ordered a psychological examination of Defendant on December 3, 2013 (*see* Doc. 63); and the probation office took time to complete the Presentence Investigation Report.[1] The Court finds that while there is no evidence of misconduct by the government, this factor weighs slightly in Defendant's favor.

Defendant's Assertion of His Right

"Perhaps most important is whether the defendant has actively asserted his right to a speedy trial. This is not satisfied merely by moving to dismiss after the delay has already occurred." *Batie*, 433 F.3d at 1291. Courts are to look at "defendant's behavior during the course of litigation" to determine whether he demonstrated "a desire to go to trial with dispatch." *Id.* (citing *Barker*, 407 U.S. at 536).

In this case, Defendant filed an Unopposed Motion for Psychiatric/Psychological Exam on September 6, 2012 (Doc. 22), and the parties then filed a Joint Motion to Continue Trial on October 12, 2012, asking for an extension until the exam was completed (Doc. 28). Just over a year later on November 26, 2013, Defendant filed another Motion for Psychiatric/Psychological Exam to Determine Defendant's Mental Condition Prior to Sentencing. (*See* Doc. 61.) Importantly, Defendant never objected to any perceived delay before sentencing until almost three years had passed after the Court sentenced him. (*See* Doc. 90.) Mr. Marker's lack of a desire for a speedier sentencing and his failure to object to any alleged delay until almost three

---

[1] "The United States Probation Department disclosed the defendant's Presentence Investigation Report (PSR) on March 18, 2013, only 62 days after the defendant pled guilty." (Doc. 115 at 3.)

years had passed weigh against him.

Prejudice to the Defendant

Courts "assess prejudice in light of the particular evils the speedy trial right is intended to avert: "pretrial incarceration; . . . anxiety and concern of the accused; and . . . the possibility that the defense will be impaired." *Batie*, 433 F.3d at 1292 (quoting *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991) (citing Barker, 407 U.S. at 532)). "The most serious of these is impairment of the defense 'because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id.* (quoting *Barker*, 407 U.S. at 532). Mr. Marker makes no allegations of prejudice related to these "evils," but instead argues that he was prejudiced due to the calculations on his credit for time served. (*See* Doc. 113.)

"Taken together, the *Barker* factors do not warrant dismissal." *See Batie*, 433 F.3d at 1292. Defendant's own motions, including one to extend the trial date, contributed to the delay in this case. Most importantly, Defendant has shown an absence of the kind of prejudice that the right to a speedy trial is intended to protect. The Court finds that the delay in Mr. Marker's sentencing did not violate his rights and denies his motion.

**II.     Motion for Hearing and Petition for Ruling**

Defendant filed two additional motions, the first seeking a hearing on his Motion for Dismissal or Time Served (Doc. 116) and the second seeking a ruling (Doc. 117). Because the Court finds his Motion for Dismissal or Time Served is not well-taken and will be denied, the remaining motions will also be denied as moot.

**IT IS THEREFORE ORDERED** that Mr. Marker's Motion for Dismissal or Time Served (Doc. 113) is **DENIED**;

**IT IS FURTHER ORDERED** that Mr. Marker's Motion for a Hearing to Respond to

United States' Motion Doc. #115 (Doc. 116), and Petition for Ruleing [sic] (Doc. 117) are **DENIED AS MOOT**.

    **IT IS SO ORDERED.**

    _____
    ROBERT C. BRACK
    UNITED STATES DISTRICT JUDGE