IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                       No. 12-CR-2005-RB

WARREN B. MARKER,

    Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER[1]

This matter is before the Court on Mr. Marker's Motion for Dismissal or Time Served, filed on March 12, 2018 (Doc. 113), Motion for a Hearing to Respond to United States' Motion Doc. #115, filed on April 16, 2018 (Doc. 116), and Petition for Ruleing [sic], filed on June 25, 2018 (Doc. 117). Mr. Marker is incarcerated and appears pro se. For the reasons discussed below, the Court dismisses the Motion for Dismissal or Time Served (Doc. 113) and the Petition for Ruleing [sic] (Doc. 117) based on lack of jurisdiction and denies the Motion for Hearing to Response to United States' Motion (Doc. 115) as moot.

### I.     Motion for Dismissal or Time Served

This is the fourth substantive motion Mr. Marker has filed in the past year seeking to shorten his sentence.[2] (*See* Docs. 90; 105; 107.) In this motion, Mr. Marker asks the Court to reduce his sentence pursuant to Federal Rule of Criminal Procedure 32(b)(1) due to the delay between the date he entered his guilty plea and the date he was sentenced. (*See* Doc. 113.)

---

[1] Pursuant to the Tenth Circuit's Order and Judgment filed on December 4, 2018, the Court hereby withdraws its previous Memorandum Opinion and Order (Doc. 119) and issues this Amended Memorandum Opinion and Order dismissing Mr. Marker's Motion for Dismissal or Time Served and Petition for Ruleing [sic] based on lack of jurisdiction. (*See* Doc. 127.)

[2] The Court set out the background of this case in its January 2, 2018 Memorandum Opinion and Order and incorporates it here by reference. (Doc. 103 at 1–2.)

Defendant alleges that he has suffered prejudice from the delay, in that if he "had been sentenced in a timely manner[,]" he would have been eligible for parole at the end of 2017. (*Id.* at 3.)

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c)) (subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

Mr. Marker has neither alleged nor shown that he is eligible for a modification of his sentence pursuant to Section 3582(c). Accordingly, the Court will dismiss Mr. Marker's motion based on a lack of jurisdiction.

## II. Motion for Hearing and Petition for Ruling

Defendant filed two additional motions, the first seeking a hearing on his Motion for Dismissal or Time Served (Doc. 116) and the second seeking a ruling (Doc. 117). Because the Court finds his Motion for Dismissal or Time Served is not well-taken and will be dismissed, the Court will deny as moot Mr. Marker's motion for hearing and dismiss his petition for ruling.

2

**IT IS THEREFORE ORDERED** that Mr. Marker's Motion for Dismissal or Time Served (Doc. 113) and Petition for Ruleing [sic] (Doc. 117) are **DISMISSED**;

**IT IS FURTHER ORDERED** that Mr. Marker's Motion for a Hearing to Respond to United States' Motion Doc. #115 (Doc. 116) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**