IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             No. 12-CR-2005-RB
                                                                  18-CV-639-RB/SMV

WARREN B. MARKER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Vacate or Modify Sentence Under 28 U.S.C. § 2255 (Doc. 118.) Defendant is incarcerated and appears *pro se*. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4(b), the Court will require Defendant to show cause why his motion should not be dismissed as untimely and why the Court should not restrict additional collateral attacks.

**I.    Background**

The Court set out the background of this case in its January 2, 2018 Memorandum Opinion and Order and incorporates it here by reference. (*See* Doc. 103 at 1–2.) In short, Defendant pleaded guilty to conspiracy and possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and 18 U.S.C. § 2. (*See* Docs. 2; 44.) The Court accepted the plea and sentenced Defendant to 70 months' imprisonment, to run concurrently with Defendant's state sentence, followed by four years' supervised release. (*See* Doc. 85.) Judgment on the conviction and sentence was entered October 15, 2014. (*Id.*) Defendant did not appeal. His conviction therefore became final on October 29, 2014, the first business day following the expiration of the 14-day appeal period. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006); *United States v. Garcia-Roman*, 466

F. App'x 750, 751 (10th Cir. 2012).

In July 2017, Defendant filed a *pro se* motion to modify his federal sentence. (*See* Docs. 90; 95.) His primary argument was that his federal sentence commenced on the date of his arrest—August 17, 2012—even though he remained in state custody until after his federal sentencing. By Memorandum Opinion and Order entered January 2, 2018, the Court declined to modify Defendant's sentence. (*See* Doc. 103.) The Court explained that under binding Tenth Circuit law, Defendant was not received into federal custody until after his sentencing hearing. (*Id.* at 3.)

Following that ruling, Defendant filed various *pro se* motions urging the Court to reconsider and/or release him from custody. (*See* Docs. 105; 107; 113; 116; and 117.) The Court entered two opinions denying relief. (*See* Docs. 112; 128.) Defendant appealed, but the Tenth Circuit found his sentence cannot be modified unless he is entitled to relief under 28 U.S.C. § 2255. (*See* Doc. 129.) Defendant filed the instant § 2255 Motion on July 5, 2018. (Doc. 118.) He alleges counsel rendered ineffective assistance, and that the Court violated his due process rights by allowing a delay between the date he entered his guilty plea and the sentencing hearing. (*Id.* at 4–5.) Defendant asks the Court to vacate his sentence and order his immediate release. (*Id.* at 10.)

## II. Timeliness of the § 2255 Motion

Motions under § 2255 must generally be filed within one year after the defendant's conviction becomes final. *See United States v. McGaughy*, 670 F.3d 1149, 1152 n.1 (10th Cir. 2012) (citing 28 U.S.C. § 2255(f)(1)). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim . . . through the exercise of due diligence." *Id.* § 2255(f)(4).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (addressing § 2254). *See also United States v. Cordova*, 202 F.3d 283 (10th Cir. 1999) (equitable tolling applies in § 2255 cases).

It appears the one-year limitation period expired in 2015, several years before Defendant filed his § 2255 motion. Defendant acknowledges timeliness may be an issue. (*See* Doc. 118 at 9.) However, he explains he recently researched the case and learned he did not receive credit for certain periods of pre-sentencing confinement. (*Id.*). This information, without more, is insufficient to justify statutory or equitable tolling. The Court will allow Defendant to provide a more detailed explanation; the response must be postmarked no later than **February 22, 2019**. Failure to timely respond to this order or otherwise demonstrate grounds for tolling may result in dismissal of the § 2255 motion without further notice.

### III. Restrictions on Future Filings

As the Tenth Circuit noted, Section 2255 is Defendant's only remaining avenue for relief from his federal sentence. (*See* Doc. 129 at 2.) Given that fact as well as Defendant's history of repetitive filings, the Court will also consider whether to impose restrictions on future filings. Filing restrictions may be imposed where: (1) the litigant has a lengthy and abusive history; (2)

3

the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati v. Beaman*, 878 F.2d 351, 353–54 (10th Cir. 1989).

Defendant has been lodging essentially the same challenge to his sentence for over a year and a half. He believes his federal sentence should have commenced on the date of his arrest and is unhappy with the delay that occurred between his arrest and his federal sentencing. (*See* Docs. 90; 95; 102; 105; 107; 111; 113; 116; 117.) Excluding the instant proceeding, Defendant filed at least five unsuccessful motions raising this argument (Docs. 90; 105; 107; 113; 116) along with three other filings urging the Court to set a hearing, making a ruling, or otherwise grant relief (Docs. 95; 102; 117; 13). If the instant motion is time-barred or otherwise fails, it is difficult to imagine why Defendant would need to continue challenging the commencement of his federal sentence.

For these reasons, the Court will require Defendant to show cause no later than February 22, 2019, why it should not impose filing restrictions. The filing restrictions would prohibit Defendant from filing any future motions, petitions, or complaints pertaining to the commencement date of his federal sentence or any alleged delay preceding his federal sentencing.

The Court proposes to impose the following filing restrictions on Defendant:

(1) Defendant may file documents by and through a licensed attorney who is admitted to practice before this Court and has appeared in this action and signed the documents to be filed.

(2) Defendant, acting *pro se*, may file motions asking the Court for permission to file a document, entitled "Defendant's Motion for Leave to File _____," with the title of the document he seeks leave to file filled in the blank. With the Motion for Leave to File, Defendant must attach

4

an affidavit certifying that, to the best of his knowledge, his motion is not frivolous or made in bad faith, it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the motion is not made for any improper purpose such as delay or needless increase in the cost of litigation. Defendant must also attach to the Motion for Leave to File a copy of the document he seeks leave to file.

<u>The Clerk will be directed not to accept, and to return to Defendant without filing, any documents Defendant attempts to file in this matter other than in the manner described in the paragraphs above.</u>

The filing restrictions will *not* apply to Defendant's response regarding the timeliness of his § 2255 motion as discussed above in Section II.

**Defendant may file written objections to this Order to Show Cause. Defendant's objections must be postmarked no later than February 22, 2019.**

**If Defendant fails to timely mail objections complying with this Order, the Court will enter the proposed filing restrictions without further notice. If Defendant files timely objections complying with this Order, restrictions will take effect only on entry of a subsequent order ruling on the objections.**

IT IS THEREFORE ORDERED that Defendant must file a response showing cause, if any, why his § 2255 motion should not be dismissed as untimely. The response shall be postmarked no later than February 22, 2019.

IT IS FURTHER ORDERED that Defendant must file a response showing cause, if any, why the Court should not impose filing restrictions as described above. The response shall be postmarked no later than February 22, 2019.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE