IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. 12-CR-2005-RB
                                                                           No. 18-CV-639-RB/SMV

WARREN B. MARKER,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's *Pro Se* Motion to Vacate or Modify Sentence Under 28 U.S.C. § 2255. (Doc. 118.[1]) The Court previously directed Defendant to show cause why his Motion should not be dismissed as untimely and why the Court should not restrict additional collateral attacks. Having reviewed the show-cause response, the Court will dismiss the Motion and enter filing restrictions.

**I.    Background**

On August 17, 2012, Defendant was arrested on charges of conspiracy and possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and 18 U.S.C. § 2. (*See* Doc. 2; Aug. 17, 2012 CM/ECF text entry.) At the time, Defendant was in the custody of the State of New Mexico on unrelated charges. (*See* Doc. 5.) The state custodian was directed to surrender Defendant to the United States Marshal Service (USMS) for prosecution in the federal case, but the USMS was "authorized to return Defendant to the custody [from] whence he came during the pendency of this action when his presence [was] not

---

[1] All docket references refer to those in Mr. Marker's criminal case, 12cr2005.

needed." (Doc. 6.)

Defendant pleaded guilty to the federal charges on January 13, 2013. (Doc. 44.) This Court accepted the plea and sentenced Defendant to 70 months' imprisonment, to run concurrently with Defendant's state sentence, followed by four years' supervised release. (Doc. 85.) Judgment on the conviction and sentence was entered October 15, 2014. (*Id.*) Defendant did not appeal. His conviction therefore became final no later than October 30, 2015, following the expiration of the 14-day appeal period. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006); *United States v. Garcia-Roman,* 466 F. App'x 750, 751 (10th Cir. 2012).

In July 2017, Defendant filed a *pro se* motion to modify his federal sentence. (*See* Docs. 90; 95.) His primary argument was that his federal sentence commenced on the date of his arrest—August 17, 2012—even though he remained in state custody until after his federal sentencing. By a Memorandum Opinion and Order entered January 2, 2018, the Court declined to modify Defendant's sentence. (Doc. 103.) The Court explained that a federal sentence does not commence until a prisoner is actually received into federal custody, and Defendant was not received into federal custody until after his sentencing hearing. (*Id.* at 3.)

After that ruling, Defendant filed various *pro se* motions urging the Court to reconsider and/or release him from custody. (*See* Docs. 105; 107; 113; 116; 117.) The Court entered two opinions denying relief. (Docs. 112; 128.) Defendant appealed, but the Tenth Circuit found his sentence cannot be modified, unless he is entitled to relief under 28 U.S.C. § 2255. (Doc. 129.) Defendant filed the instant § 2255 Motion (Doc. 118) on July 5, 2018. He alleges counsel rendered ineffective assistance, and that the Court violated his due process rights by allowing a delay between the date he entered his guilty plea and the sentencing hearing. (*Id.* at 4–5.) Defendant asks

the Court to vacate his sentence. (*Id.* at 10.)

The Court screened the Petition *sua sponte* pursuant to Habeas Corpus Rule 4(b)[2] and determined the Petition appears time-barred on its face. As part of the record-review, the Court also became concerned by Defendant's lengthy and abusive filing history. By a Memorandum Opinion and Order to Show Cause (Order to Show Cause) entered January 16, 2019, the Court directed Defendant to show cause, if any, why the Motion should not be dismissed as untimely and why filing restrictions should not be imposed. (Doc. 131.) Defendant timely filed his Response, and the matter is ready for review. (*See* Doc. 132.)

**II.     Timeliness of the § 2255 Motion**

Motions under § 2255 must generally be filed within one year after the defendant's conviction becomes final. *See United States v. McGaughy*, 670 F.3d 1149, 1152 n.1 (10th Cir. 2012) (citing 28 U.S.C. § 2255(f)(1)). The one-year limitation period can be extended where:

(1)     The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States . . . ." § 2255(f)(2);

(2)     The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)     The inmate could not have discovered "the facts supporting the claim . . . through the exercise of due diligence." § 2255(f)(4).

As noted above, the federal Judgment became final no later than October 30, 2015. The one-year period therefore expired on October 31, 2016, nearly two years before Defendant filed his

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 4(b) mandates *sua sponte* dismissal if it plainly appears from the motion, any attached exhibits, and the record that the movant is not entitled to relief.

§ 2255 Motion. In his show-cause response, Defendant contends tolling applies under § 2255(f)(4). (*See* Doc. 132 at 8.) He argues he could not have discovered the facts supporting his claim until after June 1, 2017, when his amended state criminal judgment became final. (*Id.* at 6.) Sometime after that date, Defendant met with a case manager to calculate his release date, and he was "total[ly] surprise[d]" to learn he did not receive federal credit for pre-sentencing confinement. (*Id.*) Defendant further contends he was "completely lost" and reached out to federal public defenders for assistance, but he was not immediately advised about the one-year limitation period. (*Id.*) Defendant only learned about § 2255 habeas relief after unsuccessfully filing other motions to reconsider the sentence. (*Id.* at 6–7.)

Section 2255(f)(4) addresses the inability to discover *facts* supporting a claim, "not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Defendant has not alleged he "learn[ed] about external facts" or evidence in 2017 or 2018. Instead, he failed to understand the legal import of his concurrent state and federal prosecutions—particularly that the federal sentence could not commence until he was received into federal custody. Therefore, § 2255(f)(4) tolling does not apply.

To the extent Defendant also seeks equitable tolling, the arguments still fail. Equitable tolling is only available where a defendant diligently pursued his claims, and the failure to timely file was due to extraordinary circumstances outside his control. *See Lawrence v. Florida*, 549 U.S. 327, 335 (2007). "[A] lack of awareness of the law or lack of assistance in collateral review does not constitute the type of extraordinary circumstances warranting equitable tolling." *Collins*, 364 F. App'x at 498 (finding no extraordinary circumstances when a defendant only learned of his

4

ineffective-assistance claim when he hired new counsel). *See also Marsh*, 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"). Equitable tolling is therefore not warranted, and the Petition must be dismissed as untimely.

It is also worth noting that, notwithstanding the time-bar, Defendant is not eligible for a sentence modification or early release. Section 2255 provides relief where the federal sentence violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2255. Defendant does not attack the actual sentence or conviction in this case, but rather, the fact that he did not receive credit for pre-sentence custody. As the Court previously explained, "only the Attorney General through the Bureau of Prisons has the power to grant sentence credit." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994); *see also Powers v. Stancil*, 2019 WL 5960210, at *2 (10th Cir. Nov. 13, 2019) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.") (quoting *United States v. Wilson*, 503 U.S. 329, 335 (1992)). Any declaration by this Court that Defendant should receive federal credit for time spent in state custody would not be binding on the BOP. There is also no authority allowing a sentence reduction to circumvent the BOP's denial of sentence credit, or to otherwise artificially ensure that Defendant only serves 70 months from the date of arrest.

For these reasons, the Court will dismiss the § 2255 Motion (Doc. 118) and deny a certificate of appealability. Defendant has not "made a substantial showing of the denial of a constitutional right" or demonstrated reasonable jurists would find the ruling debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will also deny Defendant's Motion for Hearing (Doc. 134) on the § 2255 Motion, which is now moot.

## III. Restrictions on Future Filings

In the Order to Show Cause, Defendant was also directed to address whether the Court should impose restrictions on future filings. (*See* Doc. 131 at 4–5.) Filing restrictions may be imposed where: (1) the litigant has a lengthy and abusive history; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See Tripati v. Beaman*, 878 F.2d 351, 353–54 (10th Cir. 1989). Excluding the instant § 2255 filings, Defendant filed at least five unsuccessful motions raising his pre-sentencing-credit argument (Docs. 90; 105; 107; 113; 116), along with three other filings urging the Court to set a hearing, make a ruling, or otherwise grant relief (Docs. 102; 117; 13).

Based on this history, the Court proposed narrow restrictions to prohibit Defendant from filing any future motions, petitions, or complaints pertaining to the commencement date of his federal sentence or any alleged delay preceding his federal sentencing. (*See* Doc. 131 at 4.) Specifically, the Order to Show Cause proposed the following restrictions:

> (1) Defendant may file documents by and through a licensed attorney who is admitted to practice before this Court and has appeared in this action and signed the documents to be filed.
>
> (2) Defendant, acting pro se, may file motions asking the Court for permission to file a document, entitled "Defendant's Motion for Leave to File _____," with the title of the document he seeks leave to file filled in the blank. With the Motion for Leave to File, Defendant must attach an affidavit certifying that, to the best of his knowledge, his motion is not frivolous or made in bad faith, it is warranted by existing law or a good faith argument

for the extension, modification, or reversal of existing law, and the motion is not made for any improper purpose such as delay or needless increase in the cost of litigation. Defendant must also attach to the Motion for Leave to File a copy of the document he seeks leave to file.

(*Id.* at 4–5.)

Defendant's show-cause response does not address the proposed filing restrictions. He simply "apologize[s] for frustrating this Court" and goes on to argue why his federal sentence should have commenced on the date of arrest. (*See* Doc. 132 at 1.) The Court is not frustrated with Defendant; however, to ensure that the thousands of annual criminal and *pro se* filings receive equal attention, the Court cannot continue to relitigate the same argument. Therefore, the Court will impose the limited filing restrictions set out above. The restrictions will not impact Defendant's rights in connection with the instant § 2255 proceeding.

**IT IS THEREFORE ORDERED** that Warren Marker's Motion to Vacate or Modify Sentence Under 28 U.S.C. § 2255 (Doc. 118) is **DISMISSED**; a certificate of appealability is **DENIED**; and a separate judgment will be entered disposing of the § 2255 proceeding.

**IT IS FURTHER ORDERED** that the Motion for Hearing (Doc. 134) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the following filing restrictions are imposed on Defendant:

(1) Defendant may file documents by and through a licensed attorney who is admitted to practice before this Court and has appeared in this action and signed the documents to be filed.

(2) Defendant, acting pro se, may file motions asking the Court for permission to file a

7

document, entitled "Defendant's Motion for Leave to File \_\_\_\_\_," with the title of the document he seeks leave to file filled in the blank. With the Motion for Leave to File, Defendant must attach an affidavit certifying that, to the best of his knowledge, his motion is not frivolous or made in bad faith, it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the motion is not made for any improper purpose such as delay or needless increase in the cost of litigation. Defendant must also attach to the Motion for Leave to File a copy of the document he seeks leave to file.

**IT IS FINALLY ORDERED** that such filing restrictions do not impact Defendant's rights in connection with the instant § 2255 proceeding.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE